UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF LOUISIANA

ARNOLD RYAN                                    CIVIL ACTION

VERSUS                                         NO. 12-458

PHH MORTGAGE CORPORATION D/B/A CENTURY         SECTION B(3)
21 MORTGAGE CORPORATION

                        ORDER AND REASONS

   Before the Court is Plaintiff Arnold Ryan's ("Plaintiff") Motion to Remand (Rec. Doc. No. 10) for lack of subject matter jurisdiction due to a failure to meet the amount in controversy necessary for diversity jurisdiction (Rec. Doc. No. 10-1), opposed by Defendant PHH Mortgage Corporation, d/b/a Century 21 Mortgage Corporation ("Defendant")(Rec. Doc. No. 20). Additionally before the court is Defendant's 12(b)(6) Motion to Dismiss (Rec. Doc. No. 7 & 16), opposed by Plaintiff(Rec. Doc. No. 16). For the reasons articulated below,

   **IT IS ORDERED** that Plaintiff's Motion to Remand be **GRANTED, PROVIDED THAT** Plaintiff file a binding stipulation no later than May 31, 2012, stating that Plaintiff will neither accept nor seek to recover more than $75,000.[1] To the extent that there is ambiguity in the petition and conflicting interpretations by the parties of the amount in controversy, a binding stipulation would resolve such ambiguity. *Manguno v. Prudential Prop. & Cas. Ins.*

---

[1] We are grateful for the work on this case by Kat LaCoste, a University of Illinois College of Law extern with our chambers.

*Co.*, 276 F.3d 720, 723 (5th Cir. 2002); see *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). **IT IS FURTHER ORDERED** that Plaintiff's request for reasonable attorney's fees and costs in conjunction with remand be **DENIED**. To the extent that Defendant has filed a Motion to Dismiss, its consideration by this court is now moot and cannot be addressed due to lack of jurisdiction. **IT IS FURTHER ORDERED** that the Motion to Dismiss be **DISMISSED** as moot.

## PROCEDURAL HISTORY

On or about January 5, 2012, Plaintiff filed suit against Defendant in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. (Rec. Doc. No. 10 at 1). In his complaint he alleged that he suffered the following damages due to Defendant's allegedly incorrect reporting of a short sale at a property belonging to him: damaged credit history, damages related to the loss of opportunity to purchase three properties, expenses related to home inspections, expenses related to the application for property financing, and other damages, including attorney's fees. (Rec. Doc. No. 1-2 at 11). Plaintiff additionally requested an injunction against Defendant, ordering the repair of his credit history. *Id.*

In his complaint, Plaintiff alleged pursuant to LA. CODE CIV.

P. art. 893(A)(1)[2] that his claims exceeded the amount requisite for a jury trial, which is $50,000 in Louisiana pursuant to LA. CODE CIV. P. art. 1732(1). *Id.* Defendant received and accepted service on January 20, 2012 and on February 17, 2012, Defendant filed a Notice of Removal based on diversity jurisdiction. (Rec. Doc. No. 10-1 at 1). Plaintiff timely filed his Motion for Remand on March 12, 2012. (Rec. Doc. No. 10 at 3). The Court acknowledges that a Motion to Dismiss has been filed by the Defendant, but to the extent that Plaintiff's Motion to Remand is granted, it is unnecessary for the court to address that motion at this time.

## **CONTENTIONS OF PLAINTIFF**

Plaintiff contends that it is the burden of Defendant, the removing party, to prove the amount in controversy and that Defendant has failed to do so by merely "suggest[ing] an amount in excess of $75,000.00 through a fairly questionable accounting method." (Rec. Doc. No. 10-1 at 3). Plaintiff asserts that the method Defendant uses, the total of the three agreed sale prices ($208,145) of the properties he was prevented from purchasing, is not indicated in his petition as his measure of damages. *Id.* at

---

[2] LA. CODE CIV. P. art. 893(A)(1)provides in part that "[t]he prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish ... the right to a jury trial ... a general allegation that the claim exceeds or is less than the requisite amount is required...."

3

4. Further, Plaintiff asserts that Defendant has proffered no evidence to prove that the amount in controversy was sufficient at the time of removal outside of conclusory statements in reference to Plaintiff's petition and the "questionable" aggregation of the failed purchase prices. *Id.* at 4-5. Plaintiff also requests that the Court award him reasonable attorney's fees and costs incurred with the improper removal. (Rec. Doc. No. 10 at 4).

## **CONTENTIONS OF DEFENDANT**

Defendant asserts that it has met its burden of proving by a preponderance of the evidence that the Plaintiff's claims are likely to exceed $75,000. (Rec. Doc. No. 20 at 3). Moreover, Defendant asserts that it is facially apparent from Plaintiff's petition that the claims will exceed $75,000 and that Plaintiff has not met his burden of showing to a 'legal certainty' that they will not. *Id.* at 7.

Defendant argues that the aforementioned prices should be used to determine the value of both the injunction and the amount in controversy and also that Plaintiff has offered no "reasonable argument why the agreed upon sales price of the properties lost ... should not be considered." *Id.* at 5. In conjunction, Defendant presents case law from other district courts suggesting (1) that purchase prices stated in a petition for a redhibition

4

could be considered for the amount in controversy,[3] (2) that loss of opportunity "to finance a million dollar development constituted at least a colorable claim in excess of the requisite jurisdictional amount,"[4] and (3) that the value of an injunction to stop a foreclosure could be based on the value of the property at issue. *Id.* at 4-5, 6. Because Plaintiff's petition alleged that his damages exceeded the amount requisite for a jury trial, and failed to include a general allegation that his claim was less than the jurisdictional requirement, as required by LA. CODE CIV. P. art. 893(A)(1),[5] Defendant asserts these facts are indicative of satisfaction of the amount in controversy requirement. *Id.* at 6-7. In the case of remand, Defendant contends that attorney's fees and costs should not be awarded to Plaintiff as Defendant possessed an objectively reasonable basis for removal based on the allegations in the complaint. *Id.* at 9.

## LAW AND ANALYSIS

### A. Standard of Review

Removal of a case to federal court is proper if the case

---

[3] *Mach. Paver Sales, Inc. v. Bomag Ams., Inc.*, No. 06-697-D-M3, 2007 WL 2900489 (M.D.La. Oct. 1, 2007).
[4] *Cass v. Sonnenblick-Goldman Corp.*, 287 F.Supp 815, 819 (D.Pa. 1968).
[5] LA. CODE CIV. P. art. 893(A)(1)provides in part that "[t]he prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish ... the lack of jurisdiction of federal courts due to insufficiency of damages ... a general allegation that the claim exceeds or is less than the requisite amount is required...."

could have originally been brought in federal court. 28 U.S.C. §1441(a). Federal diversity jurisdiction exists where there is complete diversity of citizenship of the parties, and where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a). Motions to Remand are governed by 28 U.S.C. §1447(c), which provides that: "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c).

**B. Amount in Controversy**

Both parties concede that there is diversity of citizenship, but at issue is whether the Plaintiff's claims meet the amount in controversy requirement. Under LA. CODE CIV. P. art. 893(A)(1), plaintiffs in Louisiana are not allowed to plead a specific amount of damages. As such, the Plaintiff in this case has not alleged a specific amount.

When a case in which the plaintiff has alleged an indeterminate amount of damages is removed, the removing party bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000 and, therefore, that federal jurisdiction exists and removal was proper. *Manguno*, 276 F.3d at 723; *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). A defendant may satisfy its burden by either: (1) showing that it is facially apparent that

the claim is likely to exceed $75,000, or (2) setting forth "summary judgment type evidence" of facts in controversy that support a finding of the jurisdictional amount. *Manguno*, 276 F.3d at 723; *Allen*, 63 F.3d at 1335; see *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

"To determine whether jurisdiction is present for removal, [the court must] consider the claims in the state court petition as they existed at the time of removal." *Manguno*, 276 F.3d at 723. Additionally, "[a]ny ambiguities are construed against removal because the removal statute should be construed in favor of remand." *Id.* Removal "cannot be based simply upon conclusory allegations." *Allen*, 63 F.3d at 1335. If a defendant satisfies its burden, the district court has jurisdiction unless the plaintiff can show with "legal certainty" that his claim is actually for an amount of $75,000 or less. *De Aguilar*, 47 F.3d at 1412.

A plaintiff may establish such legal certainty "by filing a binding stipulation" that limits recovery to less than $75,000. *Manguno*, 276 F.3d at 724; see *De Aguilar*, 47 F.3d at 1412. Furthermore, this Court has required a plaintiff with an ambiguous amount of damages to provide an affidavit stating that they will not accept nor seek to enforce a judgment of over $75,000 in order to grant a Motion to Remand, even when the

7

defendant failed to meet their burden. *Mercadel v. Fid. & Deposit Co. of Md.*, No. 07-6514, 2008 U.S. Dist. LEXIS 46408, *12-13 (E.D.La. 2008).[6]

While it is true that Plaintiff did not assert that the amount in controversy is less than $75,000 as required by LA. CODE CIV. P. art. 893(A)(1), precedent places the burden on the defendant to show the amount is met.[7] *Id.* Defendant attempts to establish that the requirement's satisfaction is facially apparent from the petition, although it is clearly ambiguous. Plaintiff states no indicative measure of damages, and the

---

[6] In *Mercadel*, defendant failed to payout the maximum on one of three insurance policies plaintiff held with defendant, where each policy was worth a total of $24,000. *Mercadel,* 2008 U.S. Dist. LEXIS 46408, at *2. Because the plaintiff did not indicate an amount sought, but also sought attorney's fees and penalties, Defendant claimed that in the aggregate the requirement had been met. *Id.* at *7. The lack of indication for measurement of the attorney's fees, however, was found to be an ambiguity which favored remand, and the court further found that the defendant had failed to meet their burden of proving the amount in controversy was met. *Mercadel,* 2008 U.S. Dist. LEXIS 46408 at *12.

[7] LA. CODE CIV. P. art. 893(A)(1) provides in part that "[t]he prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish ... the lack of jurisdiction of federal courts due to insufficiency of damages ... a general allegation that the claim exceeds or is less than the requisite amount is required...."

petition, itself, provides no further indication of possible computation. Such ambiguities favor remand. *Manguno*, 276 F.3d at 723.

Although Plaintiff indicates in his petition that at least $50,000 is in controversy by his request for a jury trial, that concession provides no indication for how Plaintiff's damages would amount to $75,000, or if they would at all. Without any evidence as to how Plaintiff's damages might actually be calculated so as to reach the minimum requirement, Defendant's various arguments are questionable "conclusory allegations" that would defeat removal. *Allen*, 63 F.3d at 1335.[8] Additionally, while it is true that the value of an injunction sought will be measured by the value of the object of the litigation, that is precisely what is at issue, making any attempted aggregation inclusive of the injunction even more ambiguous. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Caution however dictactes resolution of this issue by requiring the plaintiff to file a binding stipulation against seeking or trying to enforce a judgment of more than $75,000 in the state court action.

**B. Plaintiff's Request for Attorney's Fees and Costs**

---

[8] To the extent that Defendant presents arguments for the use of purchase prices in the aggregation of the alleged amount in controversy, those arguments are irrelevant as Plaintiff never purchased any property.

9

Plaintiff additionally requests that the Court award him reasonable attorney's fees and costs incurred as a result of improper removal pursuant to 28 U.S.C. § 1447(c).[9] (Rec. Doc. No. 10). There is no presumption in favor of awarding such fees following a remand, and the use of the term "may" in Section 1447(c) leaves the Court with the discretion to award or not award fees. *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 136 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 140. The court must consider the objective merits of removal at the time of removal, irrespective of a resulting remand. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).

Importantly, a decision to award fees should uphold the objectives of the statute "to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining" a defendant's right to remove. *Martin*, 546 U.S. at 140. However, "the district court *may* award fees even if removal is made in subjective good faith." *Valdes*, 199 F.3d at 292 (emphasis added). Given that the parties

---

[9] Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

conceded their diversity, that Louisiana plaintiffs are prohibited from demanding a specific amount in their complaint, and that the damages asserted by Plaintiff were absent an indication of possible computation, it is both proper and within the discretion of this Court to deny Plaintiff's request.

## CONCLUSION

Accordingly, and for the reasons articulated above,

**IT IS ORDERED** that Plaintiff's Motion to Remand be **GRANTED, PROVIDED THAT** Plaintiff file a binding stipulation no later than May 31, 2012, stating that Plaintiff will neither accept nor seek to recover more than $75,000. To the extent that there is ambiguity in the petition and conflicting interpretations by the parties of the amount in controversy, a binding stipulation would resolve such ambiguity. *Manguno*, 276 F.3d at 723; see *De Aguilar*, 47 F.3d at 1412. **IT IS FURTHER ORDERED** that Plaintiff's request for reasonable attorney's fees and costs in conjunction with remand be **DENIED**. To the extent that Defendant has filed a Motion to Dismiss, its consideration by this court is now moot and cannot be addressed due to lack of jurisdiction. **IT IS FURTHER ORDERED** that the Motion to Dismiss be **DISMISSED** as moot.

New Orleans, Louisiana, this 29th day of May, 2012.

_____
UNITED STATES DISTRICT JUDGE